IN THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BANCO POPULAR de PUERTO RICO, | ) |
| | ) |
| Plaintiff, | ) CIVIL NO. 10-cv-131 |
| v. | ) |
| | ) |
| EAST END ASSOCIATES LIMITED | ) |
| PARTNERSHIP, ELIZABETH A. HAMPTON, | ) |
| and DANIEL J. HAMPTON, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's motion for the appointment of a receiver for real property (the "Property"). Plaintiff Banco Popular de Puerto Rico (the "Bank") has initiated foreclosure proceedings involving the Property and has filed for entry of default against defendants, East End Associates Limited Partnership, and its principals, Daniel J. Hampton and Elizabeth A. Hampton (collectively, "East End Associates"), who have not yet appeared in the action. On June 10, 2011, the Court held an evidentiary hearing on the motion for receiver at which Alex Moskowitz, Esq. represented the Bank. Defendants did not appear for the hearing.

In support of its motion, the Bank presented the testimony of Cassandra Webster, Assistant Vice President and Commercial Relationship Officer, who serves as the loan officer for defendants' account and is the custodian of the records relevant to the loan. Ms. Webster asserted that the account has been in default since January 2009, when defendants last made a payment, and that a notice of default issued in June 2009. According to Ms. Webster, the total unpaid amount currently due to the Bank is in excess of ten million dollars, but a 2010 appraisal valued the Property at about two and a half million dollars. Additionally, Ms. Webster testified

*Banco Popular de Puerto Rico v. East End Associates*
Civil No. 10-cv-131
Page 2

that certain of the loan documents, including an Assignment of Leases and Rents, prescribes that the Bank may assume any leases and collect the rents from tenants in the event of default. Ms. Webster also asserted that paragraph 17 of the First Priority Mortgage given by East End Associates provides that the Bank is entitled to the appointment of a receiver in the event of default.

Further, the Bank offered evidence that the Property is a commercial property with multiple tenants. Through letters sent after the default, the Bank notified tenants to remit rents directly to it. Thereafter, according to Ms. Webster, defendants sent letters of their own to the tenants, instructing tenants to continue paying rents to them and not to the Bank. As a result, according to Ms. Webster, the Bank's rent collection is sporadic and some of the tenants do not pay rent to the Bank.

Plaintiff also offered evidence that Defendants stopped paying the Property's maintenance man, and the Bank had to begin paying him to maintain the Property. Finally, Ms. Webster explained that the Water and Power Authority had notified the Bank that, beginning in July, it plans to begin construction work on its easement over the Property, which runs through the parking area.. This impending construction could negatively affect the tenants and their customers.

The Bank also offered the testimony of Michael Lampe, a licensed real estate broker for Seaglass Properties and the proposed receiver for the Property. Mr. Lampe testified about his commercial property management experience both in the Virgin Islands and in California, that he had experience as a licensed contractor, and that he is familiar with the Property.

*Banco Popular de Puerto Rico v. East End Associates*
Civil No. 10-cv-131
Page 3

### **Legal Standard**

Entitlement to a receiver is not automatic: "'[t]he appointment of a receiver is an equitable remedy of rather drastic nature available at the discretion of the Court . . . .'"[1] In determining whether to appoint a receiver, in addition to looking at whether there exists an express provision in the loan documentation regarding entitlement to a receiver, the Court must weigh numerous factors with respect to the particular equities of the matter and the circumstances surrounding the loan and the default.[2] These "other factors to be considered by the court include 1) whether the security is adequate to cover the debt, 2) whether the mortgagor is insolvent, 3) whether there exists in the mortgage instrument a pledge of rent and profits to the mortgagee, 4) whether waste has been committed, 5) or whether the security is endangered by nonpayment of taxes."[3] In the Third Circuit, "[c]ourts exercise their discretion for the appointment of receivers when the existence of grounds and conditions prerequisite for such relief are shown. Because the remedy interferes with the defendant's property rights these grounds, in the absence of statute, require the existence of some legally recognized right held by the creditor in the debtor's property amounting to more than a mere claim against the debtor."[4] This Court has previously rejected the appointment of receivers based solely on "mortgage

---

[1] *National Investors Pension Insurance Company v. Bayside Resort, Inc.,* 1984 WL 2849, *2 (D.V.I. 1984)(quoting *Mintzer v. Arthur L. Wright Co.*, 263 F.2d 823 (3rd Cir. 1959)).

[2] *National Investors, supra,* at *2, cited with approval in Mortgage Electric Registration System, Inc. v. Patock, 2009 WL 1421295, *6 (D.V.I. 2009).

[3] National Investors, at *2.

[4] *Mintzer v. Arthur L. Wright & Company,* 263 F.2d 823, 824-25 (3rd Cir. 1959).

*Banco Popular de Puerto Rico v. East End Associates*
Civil No. 10-cv-131
Page 4

stipulations providing therefor upon the default of the mortgagor."[5]

**Analysis**

The Bank's evidence addresses certain of the additional factors the Court must consider in determining entitlement to a receiver. First, based on the testimony of Ms. Webster the fair market value of the Property is substantially less than the unpaid amount due to the Bank. Next, although the Court does not have direct information about the solvency of defendants, the fact of default and the failure to respond to the complaint at least by implication support this factor and plaintiff's request for the appointment of a receiver. Third, the loan documentation includes an separate assignment of leases and rents, as well as a pledge in the mortgage of rents and profits to the Bank in the event of default..

Fourth, the Bank contends that waste is being committed, because despite the Bank's notice to tenants to pay rents to the Bank, at least some rents are apparently being diverted elsewhere. Waste, as defined in the Restatement (Third) of Property, section 4.6, includes the mortgagor's retention of rents without the mortgagee's consent when the mortgagee has a right to possession under Restatement section 4.2.[6] Thus, retention of rents by the borrower without the consent of plaintiff would constitute waste. Also, the impending construction by the Water and Power Authority and the defendants' failure to pay the maintenance man may also indicate potential waste of the Property.

---

[5] *National Investors Pension Insurance Company,* 1984 WL 2849, at *2; see also *Mortgage Electric Registration System, Inc.,* 2009 WL 1421295 at *6.

[6] Restatement (Third) of Property § 4.6(a)(5) (2010); Restatement (Third) of Property § 4.2 (2010) ("The mortgagee's right to actual possession of the rents arises upon: (1) satisfaction of any conditions in the mortgage; and (2) delivery of a demand for the rents to the mortgagor, the holder of the equity of redemption, and each person who holds a mortgage on the real property or on its rents of which the mortgagee has notice.").

Finally, the Court does not have any evidence before it regarding nonpayment of taxes. No conclusion as to this factor may be made.

Based on this record and an analysis of the relevant factors, the Court finds that the Bank has met its burden of demonstrating that the equities favor the appointment of a receiver to preserve and maintain the value of the Property during the pendency of this matter. Additionally, it appears to the Court that the proposed receiver has the experience and qualifications to carry out the duties of the appointment.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for the appointment of a receiver is GRANTED; and it is further

**ORDERED** as follows:

1. Michael Lampe (the "Receiver") is hereby appointed as receiver for the Property described as:

> **Parcel Nos. 18A-2. 18A-3. 18A-4, and 18A-5 Estate Smith Bay
> Nos. 1, 2 and 3 East End Quarter
> St. Thomas, U.S. Virgin Islands.**

2. The Receiver is granted the powers and authority hereinafter set forth.

3. The Receiver:

    (a) The Receiver shall take immediate exclusive possession, custody and control of the Property and shall hold, manage, preserve, maintain and care for the Property pending further orders from the Court;

    (b) shall demand, collect and receive all rents, accounts, revenues, income, issues and profits from the Property;

    (c) shall deposit all funds incoming to the Receiver into a separate bank account in a bank of the Receiver's choice. This account may be an interest-bearing account;

Banco Popular de Puerto Rico v. East End Associates
Civil No. 10-cv-131
Page 6

    (d) shall take whatever action may reasonably be required to insure that adequate utility services are provided to the Property, including paying for past unpaid services as well as for future services;

    (e) may negotiate and pay for routine and ordinary items of security, maintenance, operation and repair pertaining to the Property and not involving expenditures of a capital nature; including paying for such items previously provided for which payment is due;

    (f) shall contract and pay for repairs of an emergency nature, including such repairs which are or may be mandated pursuant to the order of any government regulatory authority;

    (g) shall contract and pay for hazard, fire, and liability insurance for the Property in the event it is not adequately insured;

    (h) shall pay all Property and other taxes hereafter incurred on the Property as they become due;

    (i) shall make other disbursements of the funds incoming to the Receiver from time-to-time as ordered by this Court;

    (j) may provide a copy of this order to anyone who may be affected by its terms and provisions;

    (k) shall maintain and file with the Court and provide to the parties every 60 days an accounting of all rents, accounts, revenues, issues and profits collected and expenses paid or incurred with respect to the Property, and shall pay the balance of any income less operating expenses to the Bank, to be applied to the defendants' indebtedness, on a bi-montly basis;

    (l) shall comply with this and all other Orders of this Court.

4. Only with leave of Court obtained upon motion may the Receiver pay or incur expenditures of a capital nature, not of an emergency nature, and otherwise outside of the ordinary course of the operation and management of the Property.

5. The Receiver shall not be required to execute a bond.

6. The Receiver shall be compensated upon application to and approval by the Court for his services by the payment during each month of the receivership of five percent (5.00%) of gross revenues from the Property, plus all reasonable out-of-pocket expenses actually incurred by the Receiver for the maintenance and preservation of the Property.

Banco Popular de Puerto Rico v. East End Associates
Civil No. 10-cv-131
Page 7

7. The guests or tenants occupying the Property, or a portion thereof, or such other occupants, licensees, persons or entities as may be in possession of the Property, or a portion thereof, are hereby directed to pay over to the Receiver all accounts or rents of the premises now due and unpaid or hereafter to become due, and said occupants and other persons liable for the accounts or rents as described shall not pay such accounts or rents for the premises to defendants or their officers, directors, shareholders, agents, employees or representatives.

8. All persons, their agents, employees or representatives, who have acquired knowledge and information of this Order shall not interfere in any way with the Receiver's performance of his duties and responsibilities hereunder.

9. The Receiver's duties and responsibilities provided by this Order shall become effective immediately upon the entry of this Order.

10. The Plaintiff is hereby directed to serve a copy of the order upon all parties to this action or their respective counsel of record.

S\_____
**RUTH MILLER**
United States Magistrate Judge